**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-13723

Non-Argument Calendar

————————————————

WING KEI HO,

*Plaintiff-Appellant,*

*versus*

NORTHLAND LUGANO, LLC,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-81093-AMC

————————————————

Before ABUDU, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Wing Ho, proceeding pro se, filed a twenty-five-page complaint with a seventy-eight-page attachment consisting of copies of pleadings and other documents apparently filed in two cases in the

Circuit Court of Palm Beach County, Florida—one brought by a third party against Northland Lugano, the other by Northland Lugano against Ho. The complaint, a quintessential shotgun pleading, *see Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., Ltd.*, 164 F.4th 1231, 1274–83 (11th Cir. 2026) (Tjoflat, J., dissenting), was absolutely unintelligible, and the attachment was so bereft of legal significance as to amount to nothing more than a weekly newspaper.

The District Court dismissed Ho's original complaint with leave to amend under Rule 12(b)(6), as it was required to do. *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) ("[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader.").

Ho then filed a thirty-nine-page amended complaint—along with the same attachments—which was just as unintelligible as the original. Nonetheless, the District Court, acting on its own initiative, interpreted the amended complaint as seeking recovery for theft and conversion and dismissed it under the *Rooker-Feldman*[1] doctrine for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Ho now appeals.

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

24-13723                Opinion of the Court                3

Ho's amended complaint does not satisfy Rule 8(a)(1) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949 (2009). The District Court should have dismissed it as a shotgun pleading under Rule 12(b)(6). *See Byrne*, 261 F.3d at 1133 ("[I]f the plaintiff fails to comply with the court's [repleader] order—by filing a re-pleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case."). This would have saved valuable judicial resources at the district court level. We therefore vacate the District Court's judgment and remand with instructions to dismiss the amended complaint as a shotgun pleading.

**VACATED** and **REMANDED** with instructions to dismiss under Rule 12(b)(6).